IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PETER ANARADIAN, and EMPOWERRIDE LLC,

Plaintiffs,

vs.

WONDERFOLD CORPORATION,

Defendant.

**4:26CV3094**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Peter Anaradian ("Anaradian") and EmpowerRide LLC's ("EmpowerRide") (collectively, "Plaintiffs") Emergency Motion to Enjoin Defendant Wonderfold Corporation ("Wonderfold") from Prosecuting California Action (Filing No. 31) pending this Court's ruling on Wonderfold's Motion to Transfer Venue to the United States District Court for the Central District of California (Filing No. 23).

**BACKGROUND**

On March 18, 2026, Plaintiffs filed suit in this Court against Defendant seeking a declaratory judgment of non-infringement of U.S. Design Patent No. D955,301. (Filing No. 1.) On September 24, 2026, Wonderfold filed in the Central District of California a complaint against Plaintiffs seeking injunctive and monetary relief for Plaintiffs' alleged infringement of U.S. Design Patent No. D955,301. *Wonderfold Co. v. Empowerride LLC*, 2:26-cv-11005-MCS-PVC (C.D. Cal. Sep. 24, 2026).

On September 28, 2026, Wonderfold filed—in this Court—a Motion to Transfer Venue to the United States District Court for the Central District of California (Filing No. 23), which Plaintiffs timely filed an opposition to on October 11, 2026 (Filing No. 28). Then, on October 13, 2026, Wonderfold filed an Ex Parte Application for a Temporary Restraining Order ("TRO") in the California action. The same day, Plaintiffs filed—in this Court—the instant Emergency Motion

to Enjoin Wonderfold from Prosecuting the California Action (Filing No. 31) pending this Court's ruling on Wonderfold's Motion to Transfer Venue (Filing No. 23).

On October 14, 2026—to maintain the status quo—this Court entered an order directing Wonderfold to stop prosecuting the California action until the motion for injunctive relief (Filing No. 31) filed in this Court is decided. The Court further ordered Wonderfold to respond to the motion for injunctive relief pending in this Court by October 19, 2026, with Plaintiffs' reply due October 21, 2026.[1]

Also on October 14, 2026, the United States District Court Judge assigned to the California action (Judge Mark C. Scarsi) issued an order denying Wonderfold's request for a TRO. Judge Scarsi's order also recognized the pendency of the action in this Court and observed that under the "first-to-file" rule, it appears that the suit in this Court should be given deference as it was filed first. Accordingly, Judge Scarsi ordered Wonderfold to show cause why the California action should not be stayed pending resolution of Wonderfold's Motion to Transfer, and why the California action should not be stayed, dismissed, or transferred to this Court if Wonderfold's motion is denied. (Case No. 2:26CV11005, Filing 13.) Wonderfold filed a response in the California action on October 28, 2026. (Case No. 2:26CV11005, Filing 14.) Wonderfold argued the California case should be allowed to proceed because Plaintiffs only filed the Nebraska action after receiving Wonderfold's cease-and-desist demand and then waited five months to serve Wonderfold. Wonderfold further argued a stay was unnecessary because responsive pleadings and case-management proceedings would not produce inconsistent merits rulings and would prevent Wonderfold from pursuing a preliminary-injunctive procedure in the California action. As of today's date, no further filings have been made in the California action.

The parties filed supplemental briefs pertaining to Plaintiffs' request for injunctive relief in this Court. (Filing No. 43;Filing No. 47). In Plaintiffs' supplemental brief, Plaintiffs assert that Wonderfold has violated this Court's directive to cease prosecution of the California action by attempting to serve EmpowerRide. The supplemental brief indicates that between October 28 and November 1, 2026, a Nebraska process-service company made four recorded attempts to deliver

[1] Both parties filed a response as directed. (Filing No. 35; Filing No. 37.)

documents to EmpowerRide at Anaradian's home. (Filing No. 41-3; Filing No. 41-4.) On November 1, the process-server taped a notice to Anaradian's door. Although the notice identifies EmpowerRide as the intended recipient, it does not identify the lawsuit, the documents, or the person who retained the process server. (Filing No. 41-4.)

**DISCUSSION**

Plaintiffs request that this Court affirmatively state that its October 14, 2026 order prohibits Wonderfold from attempting service in the California action. Plaintiffs also request that this Court require Wonderfold to file a statement concerning the delivery attempts and inform this Court whether Wonderfold directed service. These requests will be granted. Moreover, Plaintiffs' request for injunctive relief (Filing No. 31) will be granted. This action was filed before the California suit, and a fully briefed Motion to Transfer is pending before this Court. Thus, Plaintiff will continue to be enjoined from prosecuting the California action until further order of this Court.

**IT IS ORDERED:**

1. Plaintiff's request for injunctive relief (Filing No. 31) is granted. Wonderfold shall not prosecute or take any legal action in the California litigation until this Court rules on the pending Motion to Transfer, unless it is specifically ordered to take some action by the California court. This includes, but is not limited to, service of process.
2. By December 2, 2026, Wonderfold shall file an affidavit in this case advising the Court whether (a) service attempts were made on EmpowerRide and/or Peter Anaradian on behalf of Wonderfold in connection with the California suit; (b) if so, who instructed the service and when; and (c) whether and when any instruction to suspend service efforts were given.
3. Plaintiffs shall promptly provide a copy of this Order to United States District Court Judge Mark C. Scarsi.

Dated this 23rd day of November, 2026.

BY THE COURT:

Susan M. Bazis
Susan M. Bazis
United States District Judge